## STEVENSON v. OPOZNAUER.

(Supreme Court, Appellate Term, First Department.  February 10, 1916.)

CUSTOMS AND USAGES ⚊14—EMPLOYMENT CONTRACT—SPECIFIC TERM—CUS-
TOM—EVIDENCE.

In an action by a salesman to recover under an unambiguous contract
of employment for a specific term, it was error to permit the defendant to
introduce evidence of a trade custom whereby salesmen were employed
only from year to year.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 29;
Dec. Dig. ⚊14.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William H. Stevenson against Jack Opoznauer.  From
a judgment for defendant, plaintiff appeals.  Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVE-
GAN, JJ.

Mervyn Wolff, of New York City (Benjamin Jaffe, of New York
City, of counsel), for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Max Hor-
owitz, of New York City, of counsel), for respondent.

BIJUR, J.  The only question involved on this appeal is whether
defendant was properly permitted to introduce evidence of an alleged
custom of the trade to employ salesmen only from year to year, in
face of the express unambiguous contract testified to by the plaintiff
that he was employed for a specified period.  It is not necessary to
cite authorities for the well-established rule that the admission of
such evidence was, under the circumstances, error which prejudiced
the plaintiff's case.

Judgment reversed, and new trial granted, with $30 costs to appel-
lant to abide the event.  All concur.